IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PIERCE SCHOTT,

      Plaintiff,

vs.                                                 Civ. No. 00-1666 JP/WWD

NATIONAL CAR RENTAL, INC.,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant's Motion to Compel [docket no. 16] filed March 22, 2001.  On April 9, 2001, Plaintiff filed Plaintiff's Motion for Protective Order [docket no. 22] which I am treating as a response to the Defendant's Motion to Compel.  Defendant seeks an order requiring Plaintiff to provide answers to Defendant's interrogatories numbered 1, 5, 6, 9, 10, and to produce documents sought in request for production numbered 1, 4, and 17.  Plaintiff objects to interrogatories numbered 1, 5, and 6 stating that they are "not relevant", and Plaintiff's response to interrogatories 9 and 10 is, in each case, "cannot determine."  Plaintiff's objection to request for production number 1 and number 4 is that they are "not relevant", and Plaintiff's objection to request for production number 17 is that it is "not relevant.  Privileged information - privacy act."

      Plaintiff, a diabetic who must take daily insulin injections, was an employee of Defendant.  Plaintiff alleges that Defendant failed to provide reasonable accommodations to allow Plaintiff to control his diabetes.  Plaintiff further contends that Defendant "threatened, harassed, humiliated, jeopardized Plaintiff's health and has caused mental and physical anguish because of Defendant's lack of apperception [sic] and concern for his diabetes, ...."  Plaintiff also contends that Defendant has

discriminated against him through "retaliation through accusation of sexual harassment, holding Plaintiff to different standards ...."

In his prayer of relief, Plaintiff seeks enforcement of applicable American With Disabilities Act laws and regulations, judgment against Defendant in the amount of $300,000, an injunction against Defendant, and a declaratory judgment.

*Discussion*

Plaintiff's objections to Interrogatories 1, 5, 6, 9, and 10 are not well taken and they will be overruled.  Likewise, the objections to Requests for Production 1, 4, and 17 are not well taken and they will be overruled. Although it is somewhat difficult to correlate Plaintiff's complaint with the scope of discovery which should be permitted, the information sought in the above listed interrogatories and requests for production is the type of background, business and financial information which is almost routinely sought in this type of lawsuit. Because I am ruling on the Plaintiff's objections on the merits,  I do not address the timeliness of Plaintiff's objections to Interrogatories 9 and 10.

WHEREFORE,

IT IS ORDERED that on or before May 24, 2001, Plaintiff shall serve on Defendant full and complete responses to Defendant's  Interrogatories 1, 5, 6, 9, and 10; and Plaintiff shall produce to Defendant the documents called for, or fully explain the nonproduction of said documents as are sought, in Defendant's Requests for Production 1, 4, and 17.

IT IS FURTHER ORDERED that Plaintiff's Motion for Protective Order be, and it is hereby, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE